RECEIVED
APR 13 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| WILLIAM LUTHER PLAISANCE, SR. | CIVIL ACTION NO. 05-1961-P |
| VERSUS | JUDGE HICKS |
| WARDEN BURL CAIN | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner William Luther Plaisance, Sr., ("Petitioner"), pursuant to 28 U.S.C. § 2254. This petition was received and filed in this Court on November 7, 2005. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana and names Warden Burl Cain as respondent.

On October 16, 1998, Petitioner was convicted of one count of second degree murder in Louisiana's First Judicial District Court, Parish of Caddo. On November 10, 1998, he was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.

Petitioner alleges (1) he is innocent of the crime of second degree murder, (2) he

was denied his rights pursuant to the Fifth, Sixth and Fourteenth amendments, (3) the adjudication of his state claims resulted in an unreasonable determination that was not supported by the evidence, and (4) the indictment was invalid.

For the reasons that follow, Petitioner is not entitled to the relief requested, and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

4. the date "the factual predicate of the claim . . .presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the Court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

The Louisiana Second Circuit Court of Appeal affirmed Petitioner's conviction and sentence on October 27, 1999. See State v. Plaisance, 32,489 (La. App. 2 Cir. 10/27/99), 745 So.2d 784, rehearing denied, (12/2/99). The Supreme Court of Louisiana denied supervisory writs on June 2, 2000. See State v. Plaisance, 99-3609 (La. 6/2/00), 763 So.2d 594. In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after June 2, 2000, on August 31, 2000.

The federal petition currently before the Court was received and filed in this Court on November 7, 2005, mailed on November 4, 2005 and signed on November 3, 2005.

Since the federal clock began ticking on August 31, 2000, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before August 31, 2001. This petition was not filed until November 2005, more than four years too late.

In addition, the post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period, as they were not filed within the one-year period. See supra footnote 1. Petitioner filed his first and only post-conviction relief application in the First Judicial District Court on February 22, 2002. These post-conviction proceedings continued until the Supreme Court of Louisiana denied reconsideration of his application for writs on June 6, 2003. State v. Plaisance, 2002-2123 (La. 6/6/03), 845 So.2d 1077. To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file his state post-conviction application until February 22, 2002, which was after the limitation period had already expired in August 2001.

Petitioner admits that this petition for writ of habeas corpus was filed more than one year after his judgment of conviction became final by the conclusion of direct review. However, he argues that he was prevented from filing an application for post-conviction relief in the state trial court because of the State's actions and the one year time limitation should begin to run on the date the impediment to filing his application was removed.

In support of this argument, Petitioner claims he is innocent of the crime of second

Page 4 of 6

degree murder because he acted in self defense. He claims he requested the district attorney's file in June 2000. He claims that in 2001, he was informed that the fee for his request was approximately $594.00. Petitioner claims he could not assert his actual innocence claim until he obtained the district attorney's file which contained no recorded or written statements. He claims the narratives in the file could have been easily fabricated. Petitioner fails to demonstrate that he was denied access to the file of the district attorney by the State. In fact, he claims the office of the district attorney responded to his request and informed him of the fee. Furthermore, Petitioner's claim that he could not assert an actual innocence argument until he obtained district attorney's file is without merit because he raised this claim on direct appeal.

Petitioner next claims that the two attorneys he retained to represent him in his state post-conviction proceedings misled him and prevented him from timely filing his petition for writ of habeas corpus in this Court. Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law. See Polk County v. Dodson, 454 U.S. 312 (1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988). Petitioner's claim that the actions of his retained attorneys were a State created impediment is without merit. Thus, 28 U.S.C. § 2244 (d)(1)(B) does not apply in this matter.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 13th day of April 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE